IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHAUN B. JOHNSON )
)
Plaintiff, )
)
v. ) Civil No. 3:10CV537-HEH
)
STEVEN R. MOORE, )
)
Defendant. )

## MEMORANDUM OPINION
(Defendant's Motion to Dismiss)

This is an action seeking monetary and punitive damages for violations of the Fourth Amendment to the United States Constitution and § 1983 of Title 42 of the United States Code, as well as a common law claim for malicious prosecution. This matter is before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, Defendant's Motion is denied.

I.

On May 31, 2008, Shaun B. Johnson ("Johnson" or "Plaintiff") was stopped by Officer Steven R. Moore ("Moore" or "Defendant") of the City of Richmond Police Department for loud music that was allegedly emanating from Plaintiff's car. During the

1

traffic stop, Defendant allegedly removed Plaintiff from his vehicle, and escorted him to the rear. Defendant then allegedly kicked Plaintiff's feet violently, placed him in handcuffs, and shoved him to the ground. A subsequent search of Plaintiff's vehicle allegedly yielded an open container of alcohol, in violation of Richmond City Code § 66-3.

On July 31, 2008, a bench trial was commenced against the Plaintiff in the General District Court for the City of Richmond. The Assistant Commonwealth's Attorney representing the City of Richmond *nolle prossed* the criminal charges because the Defendant stated that he had no memory of the incident giving rise to Plaintiff's arrest.

On July 30, 2010, Plaintiff filed a three-count Complaint against the Defendant alleging violations of the Fourth Amendment, § 1983, and the common law of Virginia. Count One alleges a violation of § 1983 based on the Defendant's unlawful search and seizure, wrongful arrest, confinement, and subsequent prosecution of the Plaintiff. Count Two alleges that the Plaintiff is entitled to punitive damages as a result of the wrongful arrest, confinement, and subsequent prosecution. Count Three alleges malicious prosecution and seeks damages under Virginia common law.

Defendant urges this Court to dismiss Plaintiff's claims on the basis that: (1) the § 1983 claim is barred by a two-year statute of limitations which began to accrue on May 31, 2008 – the day the traffic stop occurred; (2) the Court should decline to exercise supplemental jurisdiction over the common law claim of malicious prosecution as a result of the Court's dismissal of Count One; and (3) insufficient facts were stated in the

Complaint to plausibly allege malice, an element of the common law claim of malicious prosecution.

In response, Plaintiff argues that the Court should deny the Defendant's Motion to Dismiss because: (1) the § 1983 claim began to accrue on July 31, 2008 – the day of the favorable termination of the criminal proceedings against the Plaintiff; (2) the Court may exercise supplemental jurisdiction over the common law claim for malicious prosecution because of the Court's jurisdiction over Count One; (3) malice is not an element of a Fourth Amendment malicious prosecution claim; and (4) sufficient facts were pled in the Complaint to plausibly allege the malice element for the common law claim of malicious prosecution.

As further explained herein, Defendant's Motion to Dismiss is denied.

## II.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), amplified this standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555, 127

S. Ct. at 1964-65. Thus, a complaint containing facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557, 127 S. Ct. at 1966. Rather, a complaint achieves facial plausibility when it contains sufficient allegations supporting the reasonable inference that the facts alleged support an actionable claim. *Id.* At 556, 127 S. Ct. at 1965; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

This analysis is context specific and requires the "reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The *Giacomelli* Court also stressed that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955). Additionally, in considering Defendant's motion, the Court assumes the facts alleged in the Complaint are true and draws all reasonable factual inferences in the nonmovant's favor. *Edwards*, 178 F.3d at 243.

### III.

#### A. Plaintiff's § 1983 Claim Is Not Time Barred

"There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (*citing Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). The statute of limitations for personal injury claims in the Commonwealth of Virginia is two years. Va. Code Ann. § 8.01-243(A). Thus, the applicable statute of limitations period in this case is two years.

4

The question of when a § 1983 cause of action accrues is determined by federal law. *Nassim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995). Generally, "[u]nder federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* More specifically, and as it relates to this case, because one of the elements a plaintiff must prove to recover for an unlawful seizure in violation of the Fourth Amendment is favorable termination of a criminal proceeding, *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000), a § 1983 unlawful seizure claim begins to accrue at the time the plaintiff obtains a favorable termination. "Requiring a plaintiff to file a § 1983 malicious prosecution claim prior to such termination would lead to the 'perverse result [that] claimants would have to file § 1983 suits before they even know they have a cause of action.'"[1] *Blackmon v. Perez*, 791 F.Supp. 1086, 1091 (E.D. Va. 1992) (citation omitted). Succinctly stated, "the significance of the favorable termination element is . . . that it establishes the time from which the claim accrues for the purposes of determining whether the statute of limitations has run." *Lambert*, 223 F.3d at 262 n.3 (citations omitted).

In this case, Plaintiff obtained a favorable termination of the criminal proceeding on July 31, 2008. This was when the § 1983 claim for unlawful seizure began to run, hence a suit filed after July 31, 2010 would be time barred. Plaintiff filed this action on

---

[1] The Fourth Circuit has stated that "there is no such thing as a '§ 1983 malicious prosecution' claim." *Lambert*, 223 F.3d at 262. "What is conventionally referred to as a '§ 1983 malicious prosecution' action is nothing more than a § 1983 claim arising from a Fourth Amendment violation [for unreasonable seizure]." *Id.* at 261.

5

July 30, 2010, within the two-year statute of limitation period. Therefore, Plaintiff's § 1983 claim is not time barred. Furthermore, because Count One is not time barred, this Court may maintain supplemental jurisdiction over the common law claim of malicious prosecution pursuant to 28 U.S.C. § 1367.

B.  **The Element of Malice for the Common Law Malicious Prosecutions Claim Is Plausibly Raised**

Under Virginia common law, a plaintiff in an action for malicious prosecution must prove that prosecution was "(1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Stanley v. Webber*, 260 Va. 90, 95, 531 S.E.2d 311, 314 (2000). Defendant challenges only the plausibility of the malice element as alleged in the complaint.

"In the context of a malicious prosecution action, malice is defined as any *controlling* motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Hudson v. Lanier*, 255 Va. 330, 333, 497 S.E.2d 471, 473 (1998) (citing *Freezer v. Miller,* 163 Va. 180, 206, 176 S.E. 159, 169 (1934)). "[Malice] must exist in fact, and its existence must be proven as any other fact. It may be established by an inference drawn from the facts and circumstances proved, where they warrant such an inference, but it is never presumed or imputed by law." *Freezer v. Miller,* 163 Va. 180, 203, 176 S.E. 159, 168 (1934). Malice "may be inferred ... for want of probable cause." *Lee v. Southland Corp.*, 219 Va. 23, 27, 244 S.E.2d 756, 759 (1978).

In this case, Plaintiff pled sufficient facts to plausibly allege malice because Plaintiff alleged an absence of probable cause, from which malice may be inferred. Assuming the facts alleged in the Complaint are true and drawing all reasonable factual inferences in the nonmovant's favor, *Edwards*, 178 F.3d at 243, the Court must therefore deny Defendant's Motion to Dismiss the malicious prosecution claim.

## IV.

For the reasons stated above, Defendant's Motion to Dismiss is denied. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 22, 2010
Richmond, VA